UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GERALDINE EBBS, ET AL**                                  **CIVIL ACTION**

**VERSUS**                                                  **NO. 04-1198**

**ORLEANS PARISH SCHOOL BOARD**                             **SECTION "T"**

This cause came for hearing upon the Plaintiffs' Motion for Conditional Class Certification and Issuance of Court Supervised Notice to All Others Similarly Situated to "Opt-In" Pursuant to Rule 216(b) of the Fair Labor Standards Act (Doc.33).   This matter was submitted for the Court's consideration with oral argument on July 11, 2007. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

## ORDER AND REASONS

### I.  BACKGROUND

The named plaintiffs are thirteen current and former employees of several schools within Orleans Parish, under the management of the Orleans Parish School Board ("Board"). Their job descriptions include bus driver, custodian, lunchroom, teacher's aide, security guard, and secretary.  Plaintiffs initiated the suit under the Fair Labor Standards Act ("FLSA"), seeking back compensation, liquidated damages and other relief for their overtime claims.  Plaintiffs allege that during their employment, the Board failed to compensate them, and all others

similarly situated, for all hours worked, including hours in excess of forty hours per week in accordance with the FLSA.  Plaintiffs filed this motion for conditional class certification and issuance of court supervised notice to "opt-in."

## II.  LAW AND ANALYSIS

Section 216(b) of the FLSA provides for the collective representation of a class of plaintiffs and authorizes the Court to send notice to potential class members who may wish to join the lawsuit.  Section 216(b) provides, in pertinent part:

> "An action to recover . . . by any one or more employees for and on behalf of himself or themselves and other employees *similarly situated.*"  "No employee shall be a party . . . unless he gives his consent in writing . . . and such consent is filed in the court in which such action is brought."[1]

In *Mooney v. Aramco Servs. Co.*, the Fifth Circuit examined two methodologies for deciding § 216(b) conditional class certification.[2]  The first line of cases is typified by *Lusardi v. Xerox Corp.*[3] and represents the method followed by *Mooney*.  *Id.* at 1213.  *The Lusardi* method uses A two-step process which occurs before discovery is complete, and after, if challenged.  At the first stage, the "notice stage", the court makes a decision based on limited evidence available.  Since this stage occurs at such an early time in the litigation, when only minimal evidence is

---

[1] 29 U.S.C.A. § 216(b) (emphasis added).

[2] 54 F.3d 1027 (5th Cir. 1995).

[3] 118 F.R.D. 351 (D.N.J. 1987).

available, a "fairly lenient standard" is applied.[4] A class is conditionally certified and the opportunity to "opt-in" is extended to potential members. While the standard during the notice stage is lenient, the defendant notes it is not nonexistent; courts can deny the certification at the notice stage despite the minimal evidence available.[5] In determining class certification, the Court may consider any disparate factual and employment conditions of the individuals, any defenses available to the defendant that are individual to each plaintiff and fairness and procedural considerations that make certification improper.[6] The second stage, decertification, only occurs if defendants file a motion to decertify after discovery is complete. At the second stage, the Court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives, i.e. the original plaintiffs, proceed to trial on their individual claims.[7]

The second style of case examined by the Mooney court is the *Shushan* method, in which § 216(b) coexists with Fed. R. Civ. P. 23.[8] The Fifth Circuit historically uses the *Lusardi*

---

[4]*Mooney*, 54 F.3d at 1214.

[5]*Id.*

[6]*Id.*

[7]*Id.*

[8]*Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990).

method for determining the question of "similarly situated" finding that Rule 23, providing for "opt-out" class actions, is irreconcilable with 216(b), providing for "opt-in."[9]

In *McDaniel v. Jefferson Parish School Board*, the Court, employing the two-step analysis established in *Mooney*, found all employees of the Jefferson Parish School Board who alleged they were not paid overtime pursuant to a board plan to be "similarly situated."[10] Holding that the range of job descriptions, locations, and supervising departments was not fatal, the Court granted conditional class certification. The defendants argue that the *McDaniel* Court incorrectly relied on *Heagney v. European American Bank,* 122 F.R.D. 125 (E.D.N.Y. 1988), which involved a class of plaintiffs suing an employer for age discrimination. The defendant stress that the plaintiffs in *Heagney* alleged deprivations under the ADEA for a specific retirement plan that affected all of them. The defendant asserts that the class in *McDaniel* and the present potential class are too diverse and complain about unconnected events and people.

As did the Court in *McDaniel,* this Court finds that the plaintiff has met the rather lenient requirements for conditional certification of this proposed class. At the notice stage, courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan infected by discrimination.[11] The plaintiff's burden is not heavy, the evidence necessary is minimal and the mere existence of

---

[9] *LaChapelle v. Owens-Illinois, Inc., 523 F.2d 286, 288 (5th Cir. 1975).*

[10] Civil Action No. 03-1890 (E.D. La. 2004) (J. Barbier).

[11] *Mooney*, 54 F.3d at 1213-14.

some variation between potential claimants is not determinative of lack of similarity.[12] The plaintiffs and potential class members are employed with the Orleans Parish School Board in various non-certified positions. Plaintiffs and potential class members claim they were all victims of a common plan or policy of the Board which violated the provisions of the FLSA. In connection with the motion, plaintiff has submitted affidavits in support of the allegations of unpaid overtime. Given the leniency with which conditional certification decisions must be made under *Mooney*, the Court finds that plaintiff's class should be conditionally certified.

Accordingly,

**IT IS ORDERED** that plaintiff's Motion for Conditional Class Certification and Issuance of Court Supervised Notice to All Others Similarly Situated to "Opt-In" Pursuant to Rule 216(b) of the Fair Labor Standards Act (Doc. 33) is **GRANTED**.

New Orleans, Louisiana, this 24th day of July, 2007.

_____
UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.

---

[12]*Camp v. Progressive*, 2002 WL 31496661, *3 (E.D. La. 2002).