# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GERALDINE EBBS, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NUMBER 04-1198 |
| ORLEANS PARISH SCHOOL BOARD | * | SECTION "L" (1) |

## ORDER AND REASONS

The Court has pending before it Plaintiffs' Appeal of Magistrate's Order Denying Motion for Extension of Written Discovery Cut Off Date of August 27, 2010 and Its Denial of Plaintiffs' Motion for Reconsideration (Rec. Doc. 229). The Court has reviewed the briefs and now issues this Order and Reasons.

## I. BACKGROUND

This collective action pursuant to the Fair Labor Standards Act was filed by Geraldine Ebbs and others against the Orleans Parish School Board. All Plaintiffs were non-exempt employees of Defendant, and all allege that they worked more than 40 hours per week without receiving the required overtime compensation.

A brief procedural history of this case follows. The Complaint (Rec. Doc.1) was initially filed in April 2004. After some delays caused by Hurricane Katrina, the class was conditionally certified in July 2007. (Rec. Doc. 57). A notice for potential collective action members was approved in August 2008 (Rec. Doc. 113), and a motion to amend that notice was approved in June 2009 (Rec. Doc. 128). There are currently about 1,500 individual plaintiffs. Plaintiffs moved for a protective order limiting discovery to a representative sample (Rec. Doc. 179), but the Court denied that motion (Rec. Doc. 202).

In December 2010, this Court set a deadline of March 31, 2010 for Plaintiffs' signed

responses to Defendants' interrogatories. (Rec. Doc. 144). In April 2010, Defendant's status report (Rec. Doc. 175) suggested a deposition deadline of August 31, 2010 and a written discovery deadline of September 30, 2010, but this Court did not adopt that suggestion. (Rec. Docs. 183, 193). Magistrate Judge Shushan began conducting regular status conferences for this case in June 2010. (Rec. Docs. 201, 203). Later that month, Judge Shushan extended the deadline for the remaining written discovery responses until August 27, 2010 . (Rec. Doc. 206). Judge Shushan's order stated: "**Failure of the claimants to meet that deadline will result in a recommendation by the undersigned judge that the claims asserted by those individuals will be dismissed.**" *Id.* (emphasis in original). Plaintiffs indicate that they submitted approximately 1,029 responses before that deadline, leaving approximately 500 claims remaining. (Rec. Doc. 229-1 at 3).

On August 31, 2010, Plaintiffs submitted their Motion for Extension of the Written Discovery Cut-Off Date of August 27, 2010 (Rec. Doc. 221). On September 7, 2010, Magistrate Judge Shushan denied that motion. (Rec. Doc. 222). Plaintiffs filed a Motion for Reconsideration of that order (Rec. Doc. 223), which Judge Shushan denied on September 17, 2010 (Rec. Doc. 226).

## II. PRESENT MOTION

Plaintiffs now appeal Magistrate Judge Shushan's denial of both motions to this Court. (Rec. Doc. 229). Despite the denial of their motion to limit discovery, Plaintiffs continue to argue that written discovery from all plaintiffs should not be required. Furthermore, Plaintiffs argue that they relied on Defendant's proposed September 30, 2010 deadline, and that a deadline of August 27, 2010 required them to produce 1,300 responses in just two months from June 29,

2010, when the extension was granted.  Plaintiffs also argue that an extension of 30 days would not prejudice defendants, and that dismissal of the remaining 500 claims would be an unreasonably harsh remedy.

Defendant responds that Plaintiffs had a year, not two months, to produce the written discovery responses, and that Plaintiffs failed to meet the original deadline because they failed to submit responses on a rolling basis, as they had originally indicated they would.  Defendant argues that the order extending original deadline from March 31 to August 27 specifically provided that failure to meet the new deadline would result in dismissal of claims.  Defendant argues that Plaintiffs' reliance on Defendant's September 30 proposal was unreasonable because all status conferences and minute entries referred to the August 27 deadline set by Magistrate Judge Shushan.

The standard of review for non-dispositive matters referred to a magistrate judge is extremely deferential.  A magistrate judge's written order on such an issue must stand unless "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995).  Therefore, Plaintiffs must clear a high hurdle for this Court to grant the instant motion.

Plaintiffs cannot make the required showing.  It is evident that Magistrate Judge Shushan—in both in the original order and the order denying reconsideration—gave due consideration to Plaintiffs' arguments before ruling against Plaintiffs.  Indeed, rather than pointing to any specific errors in either of Magistrate Judge Shushan's orders, Plaintiffs' motion largely restates Plaintiffs' original arguments in favor of granting the original motions.  This Court cannot properly consider such arguments under its deferential standard of review.

3

Plaintiffs do argue that it was unreasonable for Magistrate Judge Shushan to assert that an extension of discovery deadlines would prejudice Defendant when no trial date has been set. However, considering the large scale of this case, the amount of time and resources already expended by both parties, and the fact that the discovery deadline had already been extended once, this assertion is not clearly erroneous or contrary to law.

## III.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion is DENIED.

New Orleans, Louisiana, this 25th day of July, 2012.

_____
UNITED STATES DISTRICT JUDGE