UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GERALDINE EBBS, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NUMBER 04-1198 |
| ORLEANS PARISH SCHOOL BOARD | * | SECTION "L" (1) |

## ORDER AND REASONS

The Court has pending before it four motions for summary judgment (Rec. Docs. 235, 264, 280, 291). The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

## I. BACKGROUND

This collective action pursuant to the Fair Labor Standards Act (FLSA) was filed by Geraldine Ebbs and others against the Orleans Parish School Board. All Plaintiffs were non-exempt employees of Defendant, and all allege that they worked more than 40 hours per week without receiving the required overtime compensation.

The procedural history of this case is extensive; a brief summary follows. The Complaint (Rec. Doc. 1) was initially filed in April 2004. After some delays caused by Hurricane Katrina, the class was conditionally certified in July 2007. (Rec. Doc. 57). Potential plaintiffs were given until July 30, 2009 to opt-in, and approximately 1,500 did so. The parties then began to conduct discovery. Defendant served all plaintiffs with written discovery, including Interrogatories. The deadline for plaintiffs to respond was originally set for March 31, 2010 (Rec. Doc. 144) and later extended to August 27, 2010 (Rec. Doc. 206). Plaintiffs asked for a second extension, but this Court upheld the decision of Magistrate Judge Shushan to deny that request. (Rec. Docs. 229, 301). Defendant has since filed several motions for summary

judgment, several of which were unopposed. In a recent Order (Rec. Doc. 302), the Court granted the unopposed summary judgment motions, as well as an unopposed motion to dismiss several plaintiffs. The Court now turns to the remaining motions for summary judgment.

## II. PRESENT MOTIONS

Defendant moves for summary judgment with respect to four different sets of plaintiffs. (Rec. Docs. 235, 264, 280, 291). Defendant argues that these individual plaintiffs have no claim for uncompensated overtime, either because they have very limited evidence to support that claim, or because they indicated that they did not work more than 40 hours per week. A subset of each group of plaintiffs opposes Defendant's motions. Some have submitted supplemental discovery responses regarding their uncompensated overtime hours. Others argue that the existing discovery responses are sufficient to establish a genuine issue of material fact with respect to uncompensated overtime hours.

## III. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment is appropriate if the moving party can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the moving party has met its Rule 56(c) burden, the nonmovant cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *See Prejean v. Foster*, 227 F.3d 504, 508 (5th Cir. 2000).

"The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). Furthermore, "[t]he non-movant cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In deciding a summary judgment motion, the court reviews the facts drawing all reasonable inferences in the light most favorable to the nonmovant. *Id*. at 255.

"The Fair Labor Standards Act generally requires that employees be paid an overtime premium of 'time-and-one-half' for all hours worked in excess of forty hours in a week." *Samson v. Apollo Resources, Inc.*, 242 F.3d 629, 633 (5th Cir. 2001) (citing 29 U.S.C. § 207(a)). A plaintiff making a claim for unpaid overtime under FLSA must first show that "he 'performed work for which he was not properly compensated.'" *Von Friewalde v. Boeing Aerospace Operations, Inc.*, 339 Fed. App'x 448, 455 (5th Cir. 2009) (quoting *Anderson v. Mt. Clements Pottery Co.*, 328 U.S. 660, 687 (1946)).[1] Specifically, the employee must "produce[] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Harvill v. Westward Communications, LLC*, 433 F.3d 428, 441 (5th Cir. 2005) (quoting *Anderson*, 328 U.S. at 687-88)). The evidence of overtime work need not be "perfectly accurate" in order for an employee to recover; it must, however, provide a "sufficient basis to calculate the number of hours worked" by the employee. *Marshall v. Mamma's Fried Chicken,*

---

[1]To recover under FLSA, the employee must also show that "the employer had actual or constructive knowledge that he was working overtime." *Id.* This element is not at issue in these four motions for summary judgment.

3

*Inc.*, 590 F.2d 598, 599 (5th Cir. 1979). The burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* (quoting *Anderson*, 328 U.S. at 687-88).

**B.     Analysis**

  **1.     Motion for Summary Judgment with Respect to 60 Plaintiffs (Rec. Doc. 235)**

Defendant argues that the 60 plaintiffs identified in this motion cannot show that they worked more than 40 hours per week during the relevant period. Defendant points to these plaintiffs' responses to interrogatories regarding overtime hours worked. When asked in Defendant's interrogatories how many overtime hours they worked without receiving compensation, most of these plaintiffs either did not respond at all, or responded "n/a" or "none." Thus, Defendant argues it has met its burden of showing the absence of a genuine issue of material fact with respect to whether these plaintiffs worked overtime for which they were uncompensated.

Fourteen of these 60 plaintiffs (the "Opposed Plaintiffs")[2] respond that they have filed supplemental discovery responses that support their claims. They argue that these responses comply with Magistrate Judge Shushan's previous orders, which provided that a claim would not be dismissed if the claimant had provided all the information available to him or her. (Rec. Doc. 222 at 4, Rec. Doc. 219 at 3). The Opposed Plaintiffs explain that most claimants in this

---

[2] The Opposed Plaintiffs are Gwendolyn Youngblood, Lillian Thompson Cola, Denise Johns, Cherel Lewis, LaWanda Pinkins-Mackey, Tomarris McCalebb, Mary Carter Navarre, Bobby D. Smith, Charlene P. Smith, Gregory Smith, Ronald Lee Smith, Sara Crawford Steele, Debra Ann Jones Thomas, and Clarence Williams.

proceeding have lost all documentary evidence in Hurricane Katrina, rendering them unable to answer most of the interrogatories independently.  However, in November 2010, the Opposed Plaintiffs received employee run result reports (ERRRs), which enabled them to complete their discovery responses.

Defendant responds that the Opposed Plaintiffs did not need the ERRRs to provide complete discovery; thus, the Opposed Plaintiffs' initial discovery was incomplete, and Magistrate Judge Shushan's order should not be read as authorizing supplementation in these circumstances.  Defendant demonstrates this by showing that the additional information for most of the Opposed Plaintiffs was not included in each plaintiff's ERRR.  Thus, Defendant argues that the Opposed Plaintiffs failed to provide "as much information in discovery responses as is available to the claimant."  (Rec. Doc. 206).

The Court declines to hold that the Opposed Plaintiffs are completely barred from asserting their claims merely because their earlier discovery responses were incomplete or inadequate.  Most of the plaintiffs in this case are relatively unsophisticated and could have easily misunderstood the questions asked.  Furthermore, the Opposed Plaintiffs have provided supplementary discovery responses that contain some specific information relating to their work schedules and alleged uncompensated overtime.  While it remains unclear whether this evidence will be sufficient to prove their case by a preponderance of the evidence at trial, it is sufficient to get past a motion for summary judgment, especially given the unique circumstances of this case.

With respect to some of the Opposed Plaintiffs, however, Defendant has submitted payroll reports demonstrating that the Opposed Plaintiffs did receive overtime pay.  Given the specificity of these payroll reports compared to the relatively vague statements provided by

plaintiffs in their discovery responses, there is no genuine issue of material fact with respect to the issue of uncompensated overtime for these plaintiffs; Defendant shows through the relevant reports that these plaintiffs already received compensation for overtime work. As a result, the Court will grant Defendant's summary judgment motion with respect to Gwendolyn Youngblood, Mary Carter Navarre, Clarence Williams, and Gregory Smith.

2. **Motion for Summary Judgment with Respect to 25 Plaintiffs (Rec. Doc. 264)**

The circumstances involved in this motion are virtually identical to those described above. Defendants argue that these 25 individual plaintiffs did not indicate in their discovery responses that they had uncompensated overtime hours. Only one of these 25 plaintiffs, Recardo Eddington, opposes Defendant's motion. Like the Opposed Plaintiffs above, Plaintiff Eddington submits a supplemental discovery response regarding his allegedly uncompensated uncompensated overtime hours. For the same reasons described above, the Court will deny Defendant's motion with respect to Plaintiff Eddington and grant Defendant's motion with respect to the 24 unopposed plaintiffs.

3. **Motion for Summary Judgment with Respect to 61 Plaintiffs (Rec. Doc. 280)**

Defendant argues that the 61 plaintiffs identified in this motion were paid in accordance with FLSA and cannot show that they are entitled to additional compensation for overtime hours that they worked. Defendant does not dispute that these plaintiffs worked overtime, but argues that they were already compensated for the overtime hours that they worked. As evidence, Defendant attaches payroll reports for these plaintiffs demonstrating that each employee did receive overtime pay. Defendant then points to these plaintiffs' discovery responses, which generally state that the plaintiffs do not recall exactly when they worked overtime. As a result,

Defendant argues that these plaintiffs cannot prove that they ever worked uncompensated overtime.

The 58 plaintiffs who oppose Defendant's motion (the "Opposed Plaintiffs")[3] respond with multiple arguments.  <u>First</u>, they emphasize that they would be able to provide more specific information about uncompensated overtime hours if they had access to their timesheets, which are in Defendants' possession.  However, Defendant responds that it has given Plaintiffs' counsel the opportunity to review the timesheets pursuant to the Amended Protective Order (Rec. Doc. 160) governing this case, but that Plaintiffs' counsel has not availed himself of this opportunity.  As a result, the Opposed Plaintiffs cannot rely on these documents to establish that there remains a genuine issue of material fact.

<u>Second</u>, the Opposed Plaintiffs argue that the affidavit of Lynda McClelland (Ex. 62 to Def.'s Mot. Summ. J.), which verifies the payroll reports, is insufficient because it is made on information and belief, rather than personal knowledge, in violation of Federal Rule of Civil Procedure 56(c)(4).  Defendant replies that "it would be impossible to produce anyone who could speak from personal knowledge or recollection regarding the accuracy of these records." (Def.'s Reply, Rec. Doc. 289 at 2).  Furthermore, Defendant asserts that the affiant is the current custodian of these records and has verified their contents.

The Opposed Plaintiffs are correct that affidavits submitted for the purpose of a motion for summary judgment must be based on personal knowledge.  However, the Court notes that only one paragraph of the affidavit is based on information and belief.  Paragraph 5 states that on

---

[3]The three plaintiffs who do not oppose Defendant's motion are Dorothy C. Wilson, Yolanda Jackson-Jones, and Linda Nelson.

information and belief, the attached reports "are true and correct copies of the hours worked per week and gross compensation, including overtime compensation," of the corresponding plaintiffs. In Paragraph 6, however, Ms. McClelland states—based on personal knowledge—that each report "corresponds with the taxable income reported to the Internal Revenue Service and the Louisiana Department of Revenue." And in Paragraph 4, Ms. McClelland—again based on her personal knowledge—identifies the documents as payroll reports and states that they were maintained by Defendant in customary fashion. Thus, despite the Rule 56(c)(4) deficiency with Paragraph 5 of the McClelland affidavit, the Court will consider the reports submitted by Defendant as evidence supporting its summary judgment motion.[4]

Third, the Opposed Plaintiffs argue more generally that their discovery responses are sufficient to establish that there is a genuine issue of material fact regarding whether they were paid uncompensated overtime. However, after examining all the evidence submitted by both parties, the Court is unable to agree with this conclusion. Defendant has provided specific, persuasive evidence showing that the Opposed Plaintiffs did receive some compensation for overtime work. In opposition, Plaintiffs provide vague, self-serving statements, which they have declined to support with the timesheets that Defendant has made available to them. The fact that these statements are self-serving does not completely disqualify them from any consideration by the Court; in the absence of any countervailing evidence, they could be enough to survive a motion for summary judgment. But given the specific, reliable evidence provided by Defendant,

---

[4]The Court also notes that both parties have submitted similar payroll reports as exhibits to separate summary judgment memoranda, without any external verification. (Rec. Docs. 260-1 to 260-5, 279-2 at 14-35).

8

Plaintiffs' statements are not enough to get past a motion for summary judgment.

   4.   **Motion for Summary Judgment with Respect to 118 Plaintiffs (Rec. Doc. 291)**

Defendant argues that these 118 plaintiffs cannot show that they have a claim for uncompensated overtime wages under FLSA because they never worked more than 40 hours per week. Defendant cites these plaintiffs' discovery responses, including responses to interrogatories and requests for admissions, and calculates the number of hours per week that each plaintiff alleges having worked. Defendant also argues that these plaintiffs cannot prove that they worked more than their regularly scheduled hours.

The 78 plaintiffs who oppose this motion (the "Opposed Plaintiffs")[5] argue that they did work more than 40 hours per week. Many claim regularly scheduled hours beyond the hours they listed in response to Defendant's request for admissions. Others simply calculate the numbers differently based on the fact that they allege not having received an uninterrupted lunch break. Still others argue that they should be compensated for time that they spent on call.

None of these arguments succeed in demonstrating that there remains a genuine issue of material fact that must be resolved at trial. The Court has been willing to grant some leeway to individual plaintiffs who have simply neglected to respond to discovery, or who may have misunderstood the discovery requests due to a lack of sophistication. However, where a plaintiff

---

[5]The 40 unopposed plaintiffs are: Joyce Aguillard, Fay Anderson, Gilda Baham, Rosalind Barbain, Winifred Boyd, Betty Broussard, Favette Charles, Sandra Floyd, Cynthia Foy, Stephanie Gibson, Helen Green, Linda Green, Glenn Henry, Michelle Johnson, Rhea Joseph, Antoinette Lafrance, Gwendolyn Laurendine, Debra Leblanc, Linda Van-Buren, Mario McCann, Ethel McLain, Marie Merrick, Dorothy Mobley, Robbie Moton, Olanda Murphy, Shirley Newman, Linda Parker, Earline Patterson, Aisha Pearl, Ashlee Pembrick, Angela Pollard, Carol Porter, Karen Redd, Carolyn Ricks, Sharon Ross, Donna Route, Margie Thomas, Dolores Turner, Carol Warren, and Paulette Watson.

has already admitted to a certain fact—and where that admission is in response to a simple, clearly worded question devoid of legal terminology—that plaintiff cannot later contradict his or her prior judicial admission. Restricting the Opposed Plaintiffs to claiming the number of hours that they stated in their Responses to Requests for Admissions brings many of the total hours worked below 40, eliminating the possibility of recovering under FLSA. *See, e.g.*, *Monahan v. Chesterfield County*, 95 F.3d 1263, 1282 (4th Cir. 1996) (declining to recognize a claim for "gap time," that is, unpaid time where the employer has not violated a FLSA provision); *Green v. Dallas County Schools*, No. 3:04CV891P, 2005 WL 1630032, at *3 (N.D. Tex. July 6, 2005) (noting that the Fifth Circuit has not addressed the issue of "gap time" claims, but that many other courts have declined to recognize such claims).

Even where the parties agree on an individual plaintiff's regular schedule, they disagree on how to calculate the total hours that some plaintiffs worked each week. For example, Plaintiff Jeraldmaine Glover claims to have been scheduled to work from 8:00 a.m. to 2:30 p.m., with no uninterrupted lunch break, and an additional 1 to 3 hours of overtime each week. Plaintiff claims that this adds up to 40.5 hours per week; Defendant claims that the Opposed Plaintiffs are asking to be paid twice for lunch. The Court agrees with Defendant on this point. If Plaintiff Glover was scheduled to work 6 ½ hours per day, and did not receive a proper lunch break, that would add up to 32 ½ hours per week. Even with the maximum possible overtime, then, Plaintiff Glover would have worked only 35 ½ hours per week. In other words, the Opposed Plaintiffs are incorrectly adding 5 hours per week to many totals. Subtracting these additional hours means that many more plaintiffs cannot show a FLSA violation.

Some of the Opposed Plaintiffs also claim that they should be compensated for time

spent on call. These plaintiffs are bus drivers who had shifts in the early morning and late afternoon, but would stay in the bus drivers' lounge in between shifts. Sometimes, while waiting in the lounge, they would obtain an extra route.

Under applicable regulations and caselaw, whether time spent on call is compensable is a factual determination that depends on the specific circumstances of each employee. *See* 29 C.F.R. §§ 785.14, 785.17; *Bright v. Houston Nw. Med. Ctr. Survivor, Inc.*, 934 F.2d 671, 674 (5th Cir. 1991); *see also Armour & Co. v. Wantock*, 323 U.S. 126 (1944); *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). Nonetheless, the Fifth Circuit has stated that resolution of this issue on summary judgment is appropriate in some cases. *Bright*, 934 F.2d at 674. There is no single legal formula that can be used to determine whether on-call time is compensable. Clearly, one factor is whether the time was spent at home or another location of an employee's choosing. *Id.* at 676; 29 C.F.R. § 785.17. But another relevant factor is whether the employee is *required* to stay on the employer's premises. 29 C.F.R. § 785.17. The Fifth Circuit has stated that the "critical issue" is whether the employee is able to "use the time effectively for his own purposes." 29 C.F.R. § 785.17; *see also DePriest v. River W. LP*, 187 F. App'x 403, 404-05 (5th Cir. 2006); *Bernard v. IBP, Inc. of Nebraska*, 154 F.3d 259, 266 (5th Cir. 1998); *Paniagua v. City of Galveston*, 995 F.2d 1310, 1316-17 (5th Cir. 1993). Another way to characterize this issue is whether the employee was "engaged to wait" or "waiting to be engaged." 29 C.F.R. § 785.14 (quoting *Skidmore*, 323 U.S. at 137).

In this case, it is clear that despite the fact that the plaintiffs remained on their employer's premises between shifts, there is no genuine issue of material fact that they were "waiting to be engaged" rather than having been "engaged to wait." The plaintiffs have not produced or

11

indicated any evidence suggesting that they were required to stay in the bus drivers' lounge between shifts. Instead, based on the evidence, it appears that the plaintiffs were able to "use the time effectively for [their] own purposes." Therefore, the Court finds that this on-call time was not compensable.

After eliminating the cases that incorrectly rely on one of these three grounds to establish a FLSA claim, the Court is left with six Opposed Plaintiffs.[6] With respect to these Opposed Plaintiffs, Defendant argues that they too lack a genuine issue of material fact, since the only evidence provided in support of their claims are their own self-serving statements that they worked a certain number of hours each week. Given the circumstances of this case, however, the Court will not grant summary judgment against the six remaining Opposed Plaintiffs on these grounds. The Opposed Plaintiffs' statements may be self-serving, but they are not entirely conclusory; at the very least, the Opposed Plaintiffs do estimate the number of additional hours that they worked each week based on their own recollection. For many of the claims in this case, the individual plaintiff's testimony—along with, possibly, the testimony of his or her supervisor—may be the only evidence available to support the allegations made. These circumstances may make it difficult for plaintiffs to prevail at trial, but they are not grounds for dismissal at the summary judgment phase.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant's motion for summary judgment with respect to 60 plaintiffs (Rec. Doc. 235) is GRANTED with respect to the 46

---

[6] These remaining Opposed Plaintiffs are Etta Davis, Shirley Labeau, Clara Lee, Tam Le, Hellene Pipers, and Sandra White.

unopposed plaintiffs; GRANTED with respect to Gwendolyn Youngblood, Mary Carter Navarre, Clarence Williams, and Gregory Smith; and DENIED with respect to Lillian Thompson Cola, Denise Johns, Cherel Lewis, LaWanda Pinkins-Mackey, Tomarris McCalebb, Bobby D. Smith, Charlene P. Smith, Ronald Lee Smith, Sara Crawford Steele, and Debra Ann Jones Thomas. The claims of the 46 unopposed plaintiffs, and the claims of Gwendolyn Youngblood, Mary Carter Navarre, Clarence Williams, and Gregory Smith, are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment with respect to 25 plaintiffs (Rec. Doc. 264) is GRANTED with respect to the 24 unopposed plaintiffs and DENIED with respect to Plaintiff Recardo Eddington. The 24 unopposed plaintiffs' claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment with respect to 61 plaintiffs (Rec. Doc. 280) is GRANTED. These 61 plaintiffs' claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment with respect to 118 plaintiffs (Rec. Doc. 291) is DENIED with respect to Etta Davis, Shirley Labeau, Clara Lee, Tam Le, Hellene Pipers, and Sandra White, and GRANTED with respect to the remaining 112 plaintiffs. These 112 plaintiffs' claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 24th day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE