UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GERALDINE EBBS, ET AL.          *          CIVIL ACTION

VERSUS                          *          NUMBER 04-1198

ORLEANS PARISH SCHOOL BOARD     *          SECTION "L" (1)


**ORDER AND REASONS**

The Court has pending before it Plaintiffs' motion for reconsideration (Rec. Doc. 307) of certain portions of this Court's Order and Reasons (Rec. Doc. 303) deciding four motions for summary judgment (Rec. Docs. 235, 264, 280, 291). The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

**I.      BACKGROUND**

This collective action pursuant to the Fair Labor Standards Act (FLSA) was filed by Geraldine Ebbs and others against the Orleans Parish School Board. All Plaintiffs were non-exempt employees of Defendant, and all allege that they worked more than 40 hours per week without receiving the required overtime compensation.

The procedural history of this case is extensive; a brief summary follows. The Complaint (Rec. Doc. 1) was initially filed in April 2004. After some delays caused by Hurricane Katrina, the class was conditionally certified in July 2007. (Rec. Doc. 57). Potential plaintiffs were given until July 30, 2009 to opt-in, and approximately 1,500 did so. The parties then began to conduct discovery. Defendant served all plaintiffs with written discovery, including Interrogatories. The deadline for plaintiffs to respond was originally set for March 31, 2010 (Rec. Doc. 144) and later extended to August 27, 2010 (Rec. Doc. 206). Plaintiffs asked for a second extension, but this Court upheld the decision of Magistrate Judge Shushan to deny that request. (Rec. Docs. 229,

301). Judge Shushan recently granted Defendant's motion to dismiss the Plaintiffs who failed to comply with the August 27 deadline. (Rec. Doc. 309).

Recently, the Court ruled on multiple motions for summary judgment and one motion to dismiss certain plaintiffs. Several of these motions were unopposed, and the Court issued an Order granting them on July 25, 2012. (Rec. Doc. 302). On August 24, 2012, the Court issued an Order and Reasons ruling on the remaining four summary judgment motions, all of which were partially opposed. (Rec. Doc. 303). With respect to some individuals, the Court granted summary judgment because the employee run result reports (ERRRs) demonstrated that those individuals had been paid overtime, and the individual plaintiffs' responses to written discovery were vague and unreliable compared to the ERRRs. *Id.* at 4-9. With respect to others, the Court granted summary judgment because the individual plaintiffs' responses to written discovery reflected that they had worked no more than 40 hours per week, meaning that they did not have a claim for uncompensated overtime under FLSA. *Id.* at 9-12.

## II.  PRESENT MOTIONS

Plaintiffs now move for reconsideration of the first set of summary judgment motions described above. Specifically, Plaintiffs argue that for some individuals, the ERRRs actually show that plaintiffs are owed compensation for overtime. Additionally, Plaintiffs argue that subsequent discovery has cast doubt on the reliability of an affidavit submitted by Defendant, and relied upon by the Court, in deciding one of the summary judgment motions. Defendant opposes Plaintiffs' motion, arguing that Plaintiffs make inconsistent arguments regarding the ERRRs, that Plaintiffs misrepresent the relevant discovery, and that the contested affidavit is not required for the Court to consider Defendant's submitted evidence.

### III. LAW AND ANALYSIS

#### A. Standard of Review

Motions asking a court to reconsider an order are generally analyzed under the standards for a motion to alter or amend a judgment pursuant to Rule 59(e) or a motion for relief from a judgment or order pursuant to Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Rule 59(e) governs when the motion is filed within 28 days of the challenged order. *See* Fed. R. Civ. P. 59(e). Because Defendants' Motion was filed within 28 days of entry of the Order and Reasons it challenges, the Court treats the Motion as one pursuant to Rule 59(e).

A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors or law or fact, or presenting newly discovered evidence. *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 1667, 174 (5th Cir. 1990); *Templet*, 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)). In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citing *Clancy v. Empl'rs Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). "A Rule 59(e) motion should not be used to re-litigate prior matters

that . . . simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Technologies, Inc.*, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). Yet at the same time, the Rule 59(e) standard "favors denial of motions to alter or amend." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

**B.     Analysis**

Plaintiffs raise two main arguments in favor of granting their motion for reconsideration of the Court's Order and Reasons. First, Plaintiffs argue that "[a] careful review" of the ERRRs submitted by Defendant actually supports Plaintiffs' claims that they did not receive unpaid overtime. (Pls.' Mot., Rec. Doc. 307-1 at 4). Plaintiffs point to the ERRRs of four individual plaintiffs, all of which contain entries labeled "Unpaid Overtime," and argue that these entries support a finding that these individuals are owed overtime compensation in accordance with FLSA.

Second, Plaintiffs argue that subsequent discovery has revealed that the Court was mistaken when it relied on the ERRRs and an accompanying affidavit submitted in support of Defendant's motion for summary judgment with respect to 61 Plaintiffs. (Rec. Doc. 280). That affidavit came from Lynda McClelland, the current payroll manager for the Orleans Parish School Board. In the Order and Reasons granting Defendant's motion for summary judgment, the Court noted that one paragraph of the McClelland affidavit was made upon information and belief, but that the rest was made on personal knowledge and sufficed to verify the ERRRs. (Rec. Doc. 303 at 7-8).

Plaintiffs now argue, however, that a subsequent deposition of Ms. McClelland contradicts one of the paragraphs of the affidavit that the Court relied upon in finding that it could consider the ERRRs as evidence supporting Defendant's summary judgment motion. In Paragraph 6, the McClelland affidavit states that each ERRR "corresponds with the taxable income reported to the Internal Revenue Service and the Louisiana Department of Revenue." (Rec. Doc. 280-62 at ¶ 6). Plaintiffs claim that part of Ms. McClelland's deposition contradicts this statement:

> Q. To be able to have a report that you could use in verifying the accuracy of payroll or a paycheck, this is lacking some information for you, isn't it?
>
> A. Yes.

(Rec. Doc. 307-2 at 2). According to Plaintiffs, this constitutes an admission by Ms. McClelland that "she could not verify the accuracy of the associated paycheck viewing its report" and renders her affidavit deficient. (Pl.'s Mot., Rec. Doc. 307-1 at 5).

Defendant puts forth multiple arguments in opposition to Plaintiffs' motion. <u>First</u>, Defendant argues that Plaintiffs make inconsistent arguments regarding the ERRRs: with respect to the first summary judgment motion described above, Plaintiffs argue that the Court should credit the ERRRs, and with respect to the second summary judgment motion, Plaintiffs argue that the Court should discredit them. In contrast, Defendant argues in favor of a consistent position that the ERRRs are the most reliable evidence available to all parties in this case.

<u>Second</u>, Defendant addresses the four individuals described above. With respect to two of them, Defendant argues that the Court has already considered the relevant evidence. With respect to the other two, Defendant argues that their claims are *de minimis*, because they were

already paid straight time for the overtime hours that they worked, and as a result, their claims are for approximately $50 and $30, respectively.

Third, Defendant argues that Plaintiffs misrepresent Ms. McClelland's deposition testimony. According to Defendant, during the quoted portion of the deposition, Ms. McClelland "was given a copy of an Employee Run Result Report and questioned as to whether she would need additional information to verify the contents of a payroll or paycheck." (Def.'s Opp., Rec. Doc. 312 at 6). In contrast, Ms. McClelland's affidavit stated that she had compared the ERRRs to the relevant tax records and found them to be accurate. In other words, Defendant argues that the quoted deposition testimony relates to "verification of the amount paid on an individual paycheck," whereas the ERRRs relates to verification of the amounts paid to individual plaintiffs overall. *Id.* at 7.

Fourth, Defendant argues that the ERRRs are admissible under the business records hearsay exception contained in Federal Rule of Evidence 803(6). Defendant argues that the ERRRs meet all the requirements of FRE 803(6):

> (A) [T]he record was made at or near the time by—or from information transmitted by—someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Furthermore, Defendant submits a supplemental affidavit from Ms. McClelland in order to ensure that the ERRRs qualify for that exception. (Ex. A to Def.'s Opp., Rec. Doc. 312-1).

6

The Court agrees that the ERRRs are admissible regardless of the subsequent deposition testimony of Ms. McClelland. Plaintiffs themselves submit ERRRs without any external verification in support of other motions for summary judgment, including one of the motions at issue in this Order. Furthermore, the ERRRs satisfy the requirements laid out in FRE 803(6). Therefore, the Court declines to reconsider its ruling on the motion for summary judgment with respect to 61 plaintiffs (Rec. Doc. 280) and finds it appropriate to continue to rely on the ERRRs in the motion for summary judgment with respect to 60 plaintiffs (Rec. Doc. 235).

Of the four individual plaintiffs who challenge the ruling on that second motion, the Court finds reconsideration is warranted in two cases. The Court already considered the evidence cited by both parties in the cases of Gregory Smith and Clarence Williams and sees no reason to disturb that holding now. However, with respect to Mary Carter Navarre and Gwendolyn Youngblood, Defendant appears to concede that the ERRRs indicate some unpaid overtime, and simply argues that any remaining claim is *de minimis* because Ms. Navarre and Ms. Youngblood were undisputedly paid straight time for any overtime hours that they worked.

Dismissal of a *de minimis* claim in a FLSA case may be appropriate "[w]hen the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours." *Anderson v. Mt. Clements Pottery Co.*, 328 U.S. 680, 692 (1946), *superseded by statute*, Portal-to-Portal Act, 61 Stat. 84 (codified as amended at 29 U.S.C. §§ 251-262), *as recognized in IBP, Inc. v. Alvarez*, 546 U.S. 21, 26 (2005). That is not the case here. Both Ms. Navarre and Ms. Youngblood claim multiple hours of unpaid overtime work; the fact that they may be owed relatively small amounts of money for those hours does not justify the complete dismissal of their claims. Accordingly, the Court will reconsider and reverse its earlier dismissal of Ms.

7

Navarre's and Ms. Youngblood's claims.

IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for reconsideration (Rec. Doc. 307) is GRANTED with respect to Mary Carter Navarre and Gwendolyn Youngblood and DENIED with respect to all other claims.

New Orleans, Louisiana, this 31st day of October, 2012.

_____
UNITED STATES DISTRICT JUDGE