UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GERALDINE EBBS, ET AL. | CIVIL ACTION |
| VERSUS | NO. 04-1198 |
| ORLEANS PARISH SCHOOL BOARD | SECTION "L" (1) |

**ORDER & REASONS**

Before the Court is the Orleans Parish School Board's ("OPSB") motion to dismiss Plaintiffs' Supplemental and Amended Complaint. (Rec. Doc. 351). Having considered the law and parties' memoranda, the Court now issues this order.

## I.   BACKGROUND

This collective action was brought pursuant to the Fair Labor Standards Act ("FLSA") by Geraldine Ebbs and others (collectively the "affected employees") against the OPSB. All of the affected employees were non-exempt and allege that they worked more than 40 hours per week without receiving the required overtime compensation.

The procedural history of this case is extensive; a brief summary follows. The complaint was initially filed on April 27, 2004. (Rec. Doc. 1). After some delays caused by Hurricane Katrina, a class was conditionally certified on July 24, 2007. (Rec. Doc. 57). The putative class consists of paraprofessionals, secretaries, counselors, maintenance and custodial workers, bus drivers, and bus aides who claim to have experienced losses between 2001 and 2004. Putative class members were given until July 30, 2009, to opt-in. Notices were sent to about 4,500 current and former employees, and some 1,500 consent forms were returned.

The parties then began to conduct discovery. OPSB served all affected employees with written discovery, including interrogatories. Although the deadline for the affected employees to respond was originally set for March 31, 2010, (Rec. Doc. 144), it was later extended to August 27, 2010 (Rec. Doc. 206). Affected employees asked for a second extension, but this Court upheld a decision by Magistrate Judge Shushan denying that request. (Rec. Docs. 229, 301). Affected employees who failed to comply with the August 27, 2010 deadline were then dismissed (Rec. Doc. 309), leaving "less than 600" affected employees. (Rec. Doc. 329 at 10). Subsequently, OPSB filed a motion to decertify. (Rec. Doc. 321). On March 31, 2014, the Court decertified the class in light of (1) the individuality of both the affected employees' claims and OPSB's defenses and (2) fairness and procedural concerns. (Rec. Doc. 335). The Court therefore dismissed, without prejudice, all opt-in plaintiffs, leaving only the named plaintiffs in the case in their individual capacities.

On July 1, 2014, the Court granted Plaintiffs' Motion to File a supplemental and amended complaint. (Rec. Doc. 347). The supplemental and amended complaint added a large number of plaintiffs to this action.

## II.   PRESENT MOTION

The OPSB now moves to dismiss the supplemental and amended complaint. (Rec. Doc. 351). Specifically, it argues that the amended complaint improperly joins approximately 600 plaintiffs in an attempt to proceed in a de facto collective action. OPSB argues that this mass joinder merely has served to circumvent the Court's decertification order. OPSB argues that stare decisis and law of the case doctrines preclude such joinder because it would have to re-litigate

2

whether commonality exists among the claims. OPSB asserts that under Federal Rule of Civil Procedure 21, permissive joinder requires a showing of a "question of law or fact common to all plaintiffs." Fed. Rule. Civ. P. 20(a)(1)(A),(B). OPSB argues that the situation has not changed since the Court's decertification order, and that Fifth Circuit precedent indicates that the Court should use its permissive joinder discretion to dismiss the added plaintiffs. Finally, OPSB argues that the added plaintiffs be required to refile, with individualized pleadings, payment of filing fees, and authorization for filing such lawsuits. OPSB states that it seems unlikely that all 600 new plaintiffs gave proper authorization, considering that many of those individuals had not attended their previously scheduled depositions or otherwise participated in the litigation.

Plaintiffs respond, arguing that district courts have wide discretion over permissive joinder. (Rec. Doc. 356). Plaintiffs argue that permissive joinder requires at least one common question of fact or law. Once that common question is met, Plaintiffs argue, the plaintiffs have the authority to decide whether to exercise permissive joinder.

OPSB replies, re-emphasizing that this Court has already ruled on the highly individualized nature of the claims here. (Rec. Doc. 360). Because a common question is lacking, and litigation with 600 plaintiffs would be logistically complicated, confusing, and unfairly prejudicial, OPSB argues that the Court should dismiss the newly joined parties.

### III.   LAW & ANALYSIS

Federal Rule of Civil Procedure 21 establishes that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Because Rule 21 does not provide a standard for determining if parties are improperly joined, courts apply Rule 20 to analyze

3

misjoinder. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir.2010) (per curiam). Rule 20(a)(1) states that:

> Persons ... may join in one action as plaintiffs if:
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Courts have described Rule 20 as creating a two-prong test, allowing joinder of defendants when (1) their claims arise out of the "same transaction, occurrence, or series of transactions or occurrences" and (2) there is at least one common question of law or fact linking all the claims. *Acevedo,* 600 F.3d at 521. Even if the two-prong test is satisfied, however, the Court has the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness. *Acevedo,* 600 F.3d at 521.

The Fifth Circuit's reasoning in *Acevedo* is instructive and quite applicable to the case at hand. 600 F.3d at 519. There, the Fifth Circuit upheld the district court's misjoinder ruling in an FLSA case involving 800 former employees of a chain of convenience stores. *Id.* After the district court decertified the class for dissimilarity of the claims and dismissed without prejudice most of the plaintiffs, counsel filed a new suit on behalf of the dismissed plaintiffs, joining them together. *Id.* The district court declared misjoinder, again finding a lack of similarity. *Id.* In affirming the misjoinder ruling, the Fifth Circuit emphasized that the plaintiffs "failed to cite any cases in which a group of plaintiffs even remotely as numerous as 800 were able to join their claims." *Id.* at 522.

Likewise, here, the newly added plaintiffs in the July 1, 2014 amended complaint, (Rec. Doc. 348), have created misjoinder. This Court's reasoning in its decertification order is equally

applicable to the issue of joinder – the claims and defenses are largely individualized here. (Rec. Doc. 335). Further, like the 800 plaintiffs in *Acevedo*, here the 600 newly added plaintiffs are far too numerous for an orderly, efficient adjudication of the varied claims. This ten-year old case – filed pre-Katrina – has already been hampered by lengthy delays, and such numerosity of plaintiffs would further postpone its resolution. Fairness to all parties and judicial efficiency preclude mass joinder under these circumstances. As the Court noted in the decertification order: "here, where the claims are different, it does not appear that any great efficiency or cost reduction will accrue from their continued consolidation." (Rec. Doc. 335 at 10). Both parties here agree that, even if the Court were to permit joinder, a large number of separate trials would be necessary to assess the discrete claims. The logistical challenge this scenario would present does not further judicial economy. Moreover, it is not even clear that the newly added plaintiffs are interested in being a part of this litigation: a number of them, in fact, failed to attend their scheduled depositions prior to decertification. As the Fifth Circuit noted in *Acevdeo*, dismissal without prejudice is a proper remedy to cure misjoinder of the plaintiffs added on July 1, 2014. *See* 600 F.3d at 522 (quoting *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1259 (3rd Cir. 1972)).

IV.   **CONCLUSION**

Accordingly, **IT IS ORDERED** that OPSB's motion is **GRANTED**;

**IT IS FURTHER ORDERED** that the claims of the plaintiffs added July 1, 2014 are **DISMISSED WITHOUT PREJUDICE** so that they may refile any claims they see fit in a court of their choosing. Only the active, named plaintiffs in the suit immediately prior to July 1, 2014 shall remain: Geraldine Ebbs, Tonya Marshall, Augustine Hampton, Claudia Washington,

Joann Darby, Eiudran Williams, Karen Robertson, Loretta Dawson, Myliene Magee, Bernice Shelling, Robert Russell, Jr., Joseph Charles, Gregory Conley, Eunice Collins, Duwayne Perkins, Gerland Bullock, Marion Jourdan, Loretta Gaines, Sharline Love, Jeremy Geary, Roger Barnes, and Margaret Rouege.

New Orleans, Louisiana, this 15th day of August, 2014.

_____
UNITED STATES DISTRICT JUDGE