UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GERALDINE EBBS, ET AL. | CIVIL ACTION |
| VERSUS | NO. 04-1198 |
| ORLEANS PARISH SCHOOL BOARD | SECTION "L" (1) |

## ORDER & REASONS

Before the Court is the Orleans Parish School Board's ("OPSB") motion for summary judgment. (Rec. Doc. 377). Having considered the law and parties' memoranda, the Court now issues this order and reasons.

### I.   BACKGROUND

This collective action was brought pursuant to the Fair Labor Standards Act ("FLSA") by Geraldine Ebbs and others (collectively the "affected employees") against the OPSB. All of the affected employees were non-exempt and allege that they worked more than 40 hours per week without receiving the required overtime compensation.

The procedural history of this case is extensive; a brief summary follows. The complaint was initially filed on April 27, 2004. (Rec. Doc. 1). After some delays caused by Hurricane Katrina, a class was conditionally certified on July 24, 2007. (Rec. Doc. 57). The putative class consists of paraprofessionals, secretaries, counselors, maintenance and custodial workers, bus drivers, and bus aides who claim to have experienced losses between 2001 and 2004. Putative class members were given until July 30, 2009, to opt-in. Notices were sent to about 4,500 current and former employees, and some 1,500 consent forms were returned.

The parties then began to conduct discovery. OPSB served all affected employees with written discovery, including interrogatories. Although the deadline for the affected employees to

respond was originally set for March 31, 2010, (Rec. Doc. 144), it was later extended to August 27, 2010 (Rec. Doc. 206). Affected employees asked for a second extension, but this Court upheld a decision by Magistrate Judge Shushan denying that request. (Rec. Docs. 229, 301). Affected employees who failed to comply with the August 27, 2010 deadline were then dismissed (Rec. Doc. 309), leaving "less than 600" affected employees. (Rec. Doc. 329 at 10). Subsequently, OPSB filed a motion to decertify. (Rec. Doc. 321). On March 31, 2014, the Court decertified the class in light of (1) the individuality of both the affected employees' claims and OPSB's defenses and (2) fairness and procedural concerns. (Rec. Doc. 335). The Court therefore dismissed, without prejudice, all opt-in plaintiffs. Only the named plaintiffs in the case, as of July 1, 2014, remain their individual capacities. (*See also* Rec. Doc. 363).

## II.     PRESENT MOTION

Defendant now moves for summary judgment on the claims of five Plaintiffs: Joseph Charles, II; Marion Jourdan; Sharline Love; Robert Russell, Jr.; and Loretta Dawson. (Rec. Doc. 377). Defendant argues that the five Plaintiffs' depositions indicate that they did not work overtime, that they were paid for their overtime, and/or that they cannot establish the dates and times of their uncompensated overtime.

Plaintiffs respond, opposing summary judgment for *four* of these Plaintiffs. (Rec. Doc. 381). Thus, the motion for summary judgment on the claims of Joseph Charles is unopposed. As to the other claims at issue, Plaintiffs claim there are genuine issues of material fact. For example, Plaintiffs assert that Marion Jourdan's statement that she did work in excess of 40 hours a week is sufficient to create a genuine issue of material fact.

### III. LAW & ANALYSIS

#### A. Statement of Law

Summary judgment is appropriate if the moving party can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). When the moving party has met its Rule 56(c) burden, the non-moving party cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *See Prejean v. Foster,* 227 F.3d 504, 508 (5th Cir. 2000). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986). Furthermore, "[t]he non-movant cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.,* 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)). In deciding a summary judgment motion, the court reviews the facts drawing all reasonable inferences in the light most favorable to the non-movant. *Id.* at 255.

#### B. Applicable Law

The Fair Labor Standards Act generally provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than

one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). "An employee bringing an action pursuant to the FLSA, based on unpaid overtime compensation, must first demonstrate that she has performed work for which she alleges she was not compensated." *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005). "Evidence of hours worked need not be perfectly accurate as long as it provides a sufficient basis to calculate the number of hours worked by each employee." *Colindres v. QuietFlex Mfg.*, 427 F. Supp. 2d 737, 752-53 (S.D. Tex. 2006) (internal quotations omitted) (*citing Marshall v. Mammas Fried Chicken, Inc.*, 590 F.2d 598, 598 (5th Cir. 1979)).

    **C.**    **Analysis**

        **1.**    **Claim of Joseph Charles**

The motion for summary judgment on the claim of Joseph Charles is unopposed, and Defendant's arguments on his claim are sound. To bring a FLSA claim for unpaid overtime compensation, a plaintiff must demonstrate that he (1) performed work (2) for which he alleges unpaid compensation. *See Harvill*, 433 F.3d at 441. There is no genuine dispute of material fact as to Mr. Charles, who acknowledges that he does not know of a single instance of nonpayment for overtime. (Rec. Doc. 377-4 at 3). He also acknowledges that if he had worked unpaid hours of overtime, he would have reported such nonpayment to his supervisors, and he does not recall ever doing so. (Rec. Doc. 377-4 at 4). He also testified that he has no reason to believe he was underpaid for any overtime. (Rec. Doc. 377-4 at 4). Under these facts, Mr. Charles cannot prove a FLSA violation for unpaid overtime compensation, thus summary judgment is appropriate.

### 2. Claims of the other four Plaintiffs

Plaintiffs oppose summary judgment regarding the other four Plaintiffs' claims. In contrast to the claim of Mr. Charles, the claims of these other four Plaintiffs involve significant factual issues. In fact, Defendant itself acknowledges the fact-based nature of these issues: Marion Jourdan, for example, testified that she could not recall if she ever worked more than 40 hours a week, but later testified that she did work more than 40 hours a week, although she did not know when. As emphasized in Plaintiffs' opposition, Plaintiffs Sharline Love, Robert Russell, and Loretta Dawson made similar statements indicating significant factual disputes. Plaintiffs also cite to other evidence indicating substantial factual disputes on these claims, such as the payroll records of Mr. Russell and Ms. Dawson, which arguably conflict with some testimonial statements and arguably substantiate their claims. Such evidence indicates genuine issues of material fact. Summary judgment, thus, is inappropriate for these claims. Even so, some of the claims of these four Plaintiffs may be worth revisiting in a Rule 50 motion at the appropriate time.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that OPSB's motion for summary judgment is **GRANTED AS TO THE CLAIM OF JOSEPH CHARLES** and is **OTHERWISE DENIED**.

New Orleans, Louisiana, this 4th day of December, 2014.

_____
UNITED STATES DISTRICT JUDGE